NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-024-KKC

ROBERT PADGETT                                                                          PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

JEFF GRONDOLSKY, *Warden*                                                    RESPONDENT

\*\*    \*\*    \*\*    \*\*    \*\*

Robert Padgett, a *pro se* petitioner, is incarcerated at the United States Prison-McCreary in Pine Knot, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 district court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

BACKGROUND

The following is a summary or construction of the facts and claims presented by the petitioner in his self-styled petition [Record No. 1].

Petitioner states that in July of 1998, in the United States District Court for the Southern District of West Virginia, a jury convicted him and others of one count of conspiracy to distribute and possession with

intent to distribute cocaine and cocaine base. After adopting the United States Probation Department's presentencing report, the trial court purportedly applied enhancements to his sentence guideline range, based on its determinations that the petitioner was responsible for more than 253 grams of cocaine base; he possessed a dangerous weapon during the offense; and he was in a category I criminal history category. The Court ultimately sentenced Petitioner Padgett to 188 months' imprisonment, to run concurrently with a state sentence.

The petitioner alleges that he appealed but his conviction and sentence were affirmed on August 20, 1999; and the U. S. Supreme Court denied his petition for writ of *certiorari* on November 15, 1999. The following year, Petitioner Padgett filed a motion pursuant to 28 U.S.C. §2255 in the trial court, raising a claim based upon an intervening Supreme Court decision, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). On December 16, 2002, the motion was denied. Padgett took an appeal but on April 24, 2003, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.

Twenty (20) months later, on January 12, 2005, the Supreme Court decided *United States v. Booker*, 543 U.S.220 (2005). The petitioner states that within one year of that decision,[1] he has now brought a claim based on *Booker* to challenge the trial court's sentence, which was decided on the judge's determination of facts by a preponderance of evidence, rather than a jury's determination of certain facts under the proper beyond a reasonable doubt standard. Therefore, under the holding of *Booker*, the petitioner's sentence is illegal and violative of Fifth and Sixth Amendment rights.

## DISCUSSION

As a threshold matter, Petitioner asserts, as he must, that his remedy under Section 2255 is "inadequate and ineffective" to challenge the validity of his conviction, and therefore, that he may file a

---

[1] The instant petition was not received until January 18, 2006, more than a year after the *Booker* decision. However, the envelope is stamped as being mailed by the prison on January 10, 2006. Since it had been surrendered to prison personnel and was no longer in the prisoner's possession on January 10th, the petition is deemed filed on January 10th and is, therefore, timely, under the holding of *Houston v. Lack*, 487 U.S. 266, 276 (1988).

habeas corpus petition under Section 2241 to do so. He also asserts that he is "actually innocent" of the crimes of which he has been convicted.

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). But under certain circumstances prisoners may invoke the "savings clause" at the end of the fifth paragraph of 28 U.S.C. §2255 to press challenges to their criminal convictions under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255, ¶5. Consistent therewith, Petitioner must demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the merits of sentencing claims before the Court may consider his claims on the merits.

Under what circumstances is a petitioner's remedy under Section 2255 considered "inadequate or ineffective?" The Sixth Circuit addressed this question by negative example in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). In *Charles*, the Sixth Circuit began by emphasizing that relief under Section 2241 is not a "catch all" remedy, but is extremely limited, and available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that a prisoner cannot satisfy this requirement merely by demonstrating that he is time-barred from bringing a Section 2255 motion, or that he had already moved unsuccessfully for relief in a prior Section 2255 motion. *Id.* at 757. Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise a new claim, and where he claims "actual innocence." The answer was yes. A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted, as that term is discussed in *Bousley v. United States*, 523 U.S. 614, 620 (1998).

By its terms, Section 2255 permits a petitioner to bring a second or successive Section 2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. Because a Supreme Court decision interpreting a criminal statute does not fall within either of the aforementioned exceptions to the general rule barring second or successive Section 2255 motions, a prisoner cannot bring a second or successive Section 2255. When the prisoner makes showings [1] that his or her remedy under Section 2255 is inadequate or ineffective to challenge the legality of his conviction and [2] that he has a claim of actual innocence under an intervening Supreme Court case interpreting the statute under which he was convicted, then the petitioner may use a Section 2241 habeas corpus petition to attack the validity of his conviction under that criminal statute. *Martin*, 319 F.3d at 804; *see Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").[2]

---

[2] *See also United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000) (*Bousley* teaches that when the Supreme Court narrows the interpretation of a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner

The Court must next evaluate this petitioner's claims under the analytical framework described above to determine whether Petitioner may challenge his conviction in a habeas corpus petition under Section 2241, pursuant to the narrow authorization to do so in the "savings clause" of Section 2255. Petitioner's claims, however, are not based on a Supreme Court decision "[...involving] statutory interpretation" and "decided after the defendant filed his first Section 2255 motion," *Martin*, 319 F.3d at 805. Therefore, his claims do not assert that he is actually innocent of the drug offense charged, and so the savings clause of Section 2255 does not permit him to pursue the claims in a habeas corpus petition under Section 2241. *Bousley*, 523 U.S. at 620. Accordingly, they must be dismissed. *Charles*, at 180 F.3d at 757.

Furthermore, even were the Court able to reach his claims, the United States Court of Appeals for the Sixth Circuit has specifically held that the two cases upon which this petitioner relies, *Apprendi v. New Jersey* and *United States v. Booker*, cannot support the relief sought herein.

In *Apprendi v. New Jersey*, 530 U.S. at 490, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." The Sixth Circuit has held that the rule announced in *Apprendi* is not retroactive to cases on collateral review, whether by Section 2255 motion, *In re Clemmons,* 259 F.3d 489, 493 (6th Cir. 2001) ( §2255 motion) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review"), or by habeas corpus petition under Section 2241, *Perkins v. Thoms,* 23 Fed.Appx. 256 (6th Cir. 2001)(§2241 petition). More fundamentally, a claim of *Apprendi*-type error is not a claim of actual innocence within the savings clause of Section 2255. *Bannerman v. Snyder,* 325 F.3d 722, 723-24 (6th Cir. 2003) (*citing United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001)).

---

collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).

Similarly, in *United States v. Booker*, 543 U.S.220 (2005), the Supreme Court made its *Apprendi* holding applicable to the federal sentencing guidelines; but *Booker* did not interpret the statute under which the instant petitioner was convicted in a new, narrow way which would render his conduct non-criminal. Rather, *Booker* held only that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 756.

As with the *Apprendi* decision, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *see also United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's *Booker* decision established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered).[3]

As this Court is bound by--and in full agreement with--the *Humphress* decision*,* the petitioner's claims cannot be assessed on the merits on collateral review, and they cannot provide the petitioner with relief from his conviction and sentence. The petitioner's claims will, therefore, be dismissed with prejudice. The petitioner has failed to cross the threshold of demonstrating that his remedy under Section 2255 is inadequate or ineffective to test the legality of his conviction under the intervening Supreme Court case upon which he relies.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

---

[3] *Accord McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005.); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); *Swain v. United States*, 2005 WL 3065969, *5 (6th Cir.(Mich.) November 15, 2005) (Not selected for publication in the Federal Reporter) ("Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, 543 U.S. 220. . .(2005), may be invoked on collateral review").

(1)  Robert Padgett's petition for a writ of habeas corpus is **DENIED.**

(2)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 2nd  day of February, 2006.

Signed By:
*Karen K. Caldwell*   KKC
**United States District Judge**